# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Dale P. Field, Jr., Plaintiff Below, Petitioner**

**vs) No. 15-0016** (Randolph County 14-C-162)

**M. Scott Villers, Administrator,
Tygart Valley Regional Jail,
Defendant Below, Respondent**

**FILED**

December 7, 2015

**RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Dale P. Field, Jr., *pro se*, appeals the December 10, 2014, order of the Circuit Court of Randolph County dismissing his civil action challenging the terms and conditions of his confinement at the Tygart Valley Regional Jail. Respondent M. Scott Villers, Administrator, Tygart Valley Regional Jail, by counsel Laura Young, filed a summary response, and petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, the decision of the circuit court is reversed and this case is remanded to the circuit court for entry of an order containing findings of fact regarding whether the granting, in part, of petitioner's inmate grievance adequately addressed the concerns set out in his grievance.

Petitioner is an inmate at the Tygart Valley Regional Jail ("Jail"), who has been held, at his request, in protective custody. Petitioner filed a grievance challenging the terms and conditions of confinement in the protective custody section of the Jail. The specific issues that petitioner raised included the following: (1) restricted access to the dayroom to forty-five minutes to make phone calls and take showers; (2) restricted access to make phone calls; (3) restricted access to watch television; and (4) restricted access to the gym. On August 18, 2014, petitioner was informed by letter that his grievance had been granted.

1

On September 15, 2014, petitioner filed a civil action[1] alleging that while he obtained "partial relief," that relief did not adequately correct the issues set out in his grievance. The circuit court dismissed petitioner's action on December 10, 2014, on the basis that the matter was moot; the court mistakenly believed that petitioner was no longer housed at the Jail.

Petitioner now appeals the circuit court's December 10, 2014, order to this Court. We review a circuit court's dismissal of an action de novo. *See* Syl. Pt. 2*, State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W.Va. 770, 773, 461 S.E.2d 516, 519 (1995). In Syllabus Point 1 of *P.T.P., IV by P.T.P, III v. Board of Educ. of the County of Jefferson*, 200 W.Va. 61, 62, 488 S.E.2d 61, 62 (1997), we held that a circuit court's order dismissing an action should set out factual findings sufficient to permit meaningful appellate review, including "facts which the circuit court finds relevant, determinative of the issues, and undisputed."

On appeal, the parties agree that the circuit court was mistaken that petitioner was no longer housed at the Jail. Respondent concedes that the Jail's booking office confirms that petitioner is still there. Thus, we find the reasoning supporting the circuit court's dismissal was erroneous.

Respondent argues that while the reasoning in the December 10, 2014, order was mistaken, the circuit court's decision to dismiss petitioner's action was sound because the issues raised in petitioner's grievance constituted matters left to the considered judgment of jail officials. However, respondent acknowledges that if we determine that an affirmation of the circuit court's order is inappropriate under the circumstances of this case, a remand for further proceedings would be proper. We find that while the parties agree that petitioner's grievance regarding the terms and conditions of his confinement was granted, in part, they dispute whether the partial relief petitioner obtained adequately addressed the issues set out in his grievance. The record on appeal does not reflect the extent to which petitioner's grievance was granted; therefore, this case eludes meaningful appellate review. Accordingly, we reverse the December 10, 2014, order and remand this case to the circuit court for findings of fact relevant and determinative of whether petitioner's concerns were adequately addressed in the inmate grievance process.

For the foregoing reasons, we reverse the December 10, 2014, order of the Circuit Court of Randolph County and remand this case to the circuit court for entry of an order containing findings of fact regarding whether the granting, in part, of petitioner's inmate grievance adequately addressed the concerns set out in his grievance.

---

[1]Petitioner labeled his pleading as a petition for a writ of mandamus against respondent. The circuit court construed it as an action challenging the terms and conditions of petitioner's confinement pursuant to the West Virginia Prisoner Litigation Reform Act, West Virginia Code §§ 25-1A-1 to 25-1A-8. While petitioner continues to refer to the action as a mandamus proceeding, the Act's definition of "civil action" includes "petitions for extraordinary writs." W.Va. Code §25-1A-1(a).

2

Reversed and Remanded with Directions.

**ISSUED**: December 7, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II